**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FIDEL MONDRAGON-ALDAY, AKA Alan Alday, AKA Alan Alday Bermudez, AKA Cesar Chavarria, AKA Guadalupe Magallanes, AKA Guadalupe Alday Magallanes, AKA Sergio Magallanes, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-70361 <br><br> Agency No. A079-620-077 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 6, 2015
Pasadena, California

Before: PREGERSON, PARKER[**], and NGUYEN, Circuit Judges.

Fidel Mondragon-Alday, who uses the name Lucia, is a transgender woman

and a citizen of Mexico. She petitions for review of a Board of Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Appeals (BIA) decision affirming the denial of her applications for withholding of removal and relief under Article 3 of the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we grant her petition in part.

1. The immigration judge's (IJ) adverse credibility finding was supported by substantial evidence because Mondragon-Alday provided inconsistent testimony regarding her abuse at the hands of the Mexican police. An IJ may consider "the consistency between the applicant's . . . written and oral statements" when determining credibility. 8 U.S.C. § 1158(b)(1)(B)(iii). The BIA determined that Mondragon-Alday was provided with a reasonable opportunity to clarify such discrepancies, and acted within its discretion when finding her explanation to be unsatisfactory. Because "the record in this case does not compel the conclusion that [Mondragon-Alday]'s testimony was credible and persuasive," we deny the petition for review as to the adverse credibility finding. *See Ling Huang v. Holder*, 744 F.3d 1149, 1151 (9th Cir. 2014).[1]

---

[1] Mondragon-Alday also claims that the IJ violated her due process rights by failing to develop the record of her past persecution. Reviewing the record, we agree with the BIA that the IJ "fully develop[ed] the record" such that Mondragon-Alday's due process rights were not violated. *Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) (quoting *Jacinto v. INS*, 208 F.3d 725, 733 (9th Cir. 2000)) (internal quotation marks omitted).

2. Because Mondragon-Alday's claim of past persecution rested largely on her own testimony, substantial evidence supports the BIA's determination that she did not prove past persecution. But a "likelihood of *future* persecution may still be sufficient to merit withholding of removal." *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009). The BIA erred in its consideration of Mondragon-Alday's evidence of likely future persecution by assuming that legal protections for gay and lesbian persons would benefit Mondragon-Alday, a transgender woman. *See Avendano-Hernandez v. Lynch*, slip op. at ___. The BIA's analysis of Mondragon-Alday's CAT claim suffers from the same infirmity. Because there is "substantial, non-testimonial, evidence in the record of the significant danger" that transgender women in Mexico face, *Al-Harbi v. INS*, 242 F.3d 882, 894 (9th Cir. 2001), on remand the BIA should consider the particularized dangers faced by transgender women.

Therefore, we **GRANT** the petition in part, and **REMAND** for further proceedings consistent with this disposition.

**PETITION GRANTED AND REMANDED IN PART, DENIED IN PART.**

Each party shall bear its own costs on appeal.